

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| JORGE OLMOS, | § | No. 08-24-00153-CV |
| | § | |
| Appellant, | § | Appeal from |
| | § | |
| v. | § | County Court at Law No. 5 |
| | § | |
| DIANE OLMOS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2022DCM4800) |

**MEMORANDUM OPINION**

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Because Appellant's notice of appeal is untimely, we dismiss the appeal.

A party perfects a civil appeal by timely filing a notice of appeal within 30 days after a final judgment is signed. Tex. R. App. P. 26.1. A timely post-trial motion, such as a motion for new trial, extends the timeline for perfecting an appeal to 90 days after the judgment is signed. *Id.* 26.1(a)(1). A motion for new trial is timely filed within 30 days of the date the judgment is signed. Tex. R. Civ. P. 329b(a).

Here, Appellant filed a motion for new trial on February 22, 2024, and a notice of appeal on July 1, 2024, attempting to appeal the trial court's final divorce decree signed on February 5,

2024. On July 1, 2024, the Clerk of this Court sent Appellant a letter indicating that the appeal was not timely perfected. The letter gave notice of our intent to dismiss the appeal for want of jurisdiction after 20 days unless grounds were shown for the Court to continue the appeal. *See* Tex. R. App. P. 42.3(a). As of the date of this order, Appellant has not responded to this Court's notice.

Accordingly, we find Appellant failed to perfect his appeal because he filed the notice of appeal outside of the applicable time limits. We dismiss the appeal for want of jurisdiction. *Id.* 26.1; 42.3(a), (c); 43.2(f).

LISA J. SOTO, Justice

July 29, 2024

Before Alley, C.J., Palafox and Soto, JJ.

2